IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:21-CR-215-SDJ-KPJ |
| EDUARDO RIVERO | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 2, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Heather Rattan.

On July 27, 2005, United States District Judge Micaela Alvarez sentenced Defendant to a term of two hundred and ninety-two (292) months' imprisonment followed by five (5) years of supervised release. On September 20, 2016, Defendant's term of imprisonment was reduced to two hundred and thirty-five (235) months. On March 14, 2021, Defendant's term of imprisonment was further reduced to time served, and his term of supervision was reduced to three (3) years. On March 15, 2021, Defendant began serving his term of supervision. On August 11, 2021, this action was transferred to the Eastern District of Texas and assigned to United States District Judge Sean D. Jordan.

On August 12, 2021, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3)

1

Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (6) Defendant is required to perform 100 hours of community service as approved by the probation officer to be completed within the first two years of his term of supervised release. *See* Dkt. 2.

The Petition asserts Defendant violated the foregoing conditions as follows:

- On July 4, 2021, the McKinney Police Department ("MPD") responded to a domestic disturbance call. Defendant's pregnant girlfriend, Pillar Ritter, reported that Defendant punched her in her stomach, smashed her phone, and struck her with a metal toilet paper holder. Defendant was arrested and charged with Aggravated Assault with a Deadly Weapon. On July 5, 2021, Defendant was released on bond. A protective order was entered, which named Ms. Ritter as a protected person.
- On July 24, 2021, MPD again made contact with Ms. Ritter. Upon arriving to Ms. Ritter's residence, Ms. Ritter reported that Defendant strangled her, pinned her to the ground, and repeatedly struck her face. Ms. Ritter further reported that Defendant prevented her from calling the police. MPD is continuing to investigate whether Defendant committed the following offenses: Assault-Family Violence, Violation of Protective Order, and Interference with Emergency Telephone Call.
- On July 7, 2021, Defendant submitted a urine specimen that tested positive for marijuana.
- On June 24, 2021, Defendant submitted a urine specimen that tested positive for marijuana. Defendant signed a form admitting to such use.
- On June 19, 2021, Defendant completed home detention and was instructed to find employment. As of the date of the Petition, Defendant had not obtained employment.
- On June 25, 2021, MPD made contact with Defendant for public intoxication but was not arrested.
- On July 1, 2021, Defendant admitted he consumed alcohol to intoxication on or about June 25, 2021.
- On March 15, 2021, Defendant was instructed to complete community service but, as of the date of the Petition, Defendant had failed to do so.

On March 2, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 18. Defendant entered a plea of true as to allegations three through eight, consented to revocation

of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 18, 19. The Government moved to dismiss allegations one and two, which the Court granted. *See* Dkt. 18. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 2, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, followed by an additional twenty-four (24) months of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at the Federal Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 3rd day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE